Judge Lane
delivered the opinion of the court:
Two points are taken by the plaintiff in error. This writing is not a promissory note; if it is, its production is no proof of its execution against Cushing and Hunter, and without such proof the defendants can not be charged. The phraseology of the statute seems to preclude the latter of these objections. It provides that *286 a “plea of non assumpsit offered by a person to be charged as maker of a note, it shall not be necessary for the plaintiff to prove the making of the note on which, such suit is brought, unless the party offering the plea shall make affidavit of its truth.” This statute is essentially remedial, designed where a deed or note is set forth in the declaration to impose upon the plaintiff the necessity of proving it in those cases only in which the execution of the instrument counted upon shall be denied upon oath, and no sound rule of interpretation justifies a restrictive construction. It is “ the note on which the suit is brought,” which shall be deemed duly executed, in the absence of the affidavit. If, then, the writing declared upon be a promissory note, it was properly offered to the jury.
And we do not assent to the limited meaning which the plaintiff’s counsel would attach to the phrase, “ promissory note.” It 281] need not be negotiable. Any absolute promise to *pay a certain sum of money at a specified time, if it constitute the entire contract, may be taken to be a promissory note. Was this engagement of that description ?
It was an absolute promise to pay one hundred and forty-three dollars and twenty-two cents in three months; but if a contingency happened, which depended on the promise, one-fourth the amount became payable sooner. In addition to this the maker promised to pay three dollars and fifty cents for tobacco, if delivered. The first part is a promissory note merely; does the additional terms change this character?
A majority of the court believe not. It will be observed that it is not per se a contract, binding Foster to the delivery of the tobacco; it was a promise to pay, if delivered. The other contract was complete without it; the additional terms acquired effect at the option of Foster; he held their absolute promise to pay a specified sum in three months, which constituted the entire contract, if he took no steps to extend the liability of his debtors beyond. His first count is framed upon this promise; either writing is in every sense a promissory note, and as such rendered evidence to support it, by the statute, without proof of its execution.
It is further urged that the first and second counts are bad, from omitting to set forth a consideration. If the writing be a promissory note, none is necessary to be averred under our decis *287 ions. 1 Ohio, 118. If the consideration to pay for the tobacco be the delivery, the delivery is shown in the second count. The alleged misjoinder of parties does not exist in the pleading.
Judgment is affirmed.