NORTH MARKET ASSN., INC., APPELLEE, *v.* CASE ET AL., APPELLANTS.

(No. 5103—Decided February 11, 1955.)

*Messrs. Coughlin, Ogier & Lloyd* and *Mr. Robert A. Ramsey,* for appellee.

*Mrs. Helen Witherspoon,* for appellants.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Municipal Court of Columbus. We have read the entire record and carefully considered all questions raised by appellants.

The trial court was required to pass on the credibility of the witnesses. Where there was a conflict, the trial judge had to resolve it. If the trial judge believed the testimony presented by the plaintiff there was support for the judgment.

With respect to the defendants' claim in the cross-petition, the trial court held that the promise of the plaintiff was unenforceable because of indefiniteness and uncertainty. The evidence shows that the money was to be paid to defendants "if and when funds are available." Upon the whole record we are inclined to hold that the debt is not an absolute one. 12 American Jurisprudence, 856, Section 301. Assuming, without deciding, that the transaction was a loan as defendants contend, there was a total failure of proof that the condition of payment had been fulfilled, to wit, funds available. On this issue the defendants carried the burden of proof.

In 12 American Jurisprudence, 858, Section 303, the text is as follows:

"In a majority of the states in which the question has arisen and in Canada it is held that a promise to pay when the promisor 'is able' (or a term of the same purport) is a conditional, and not an absolute, promise to pay, and that the promisee is not entitled to recover on such a promise unless the promisor is able to pay the debt. The minority view is that a promise to pay when the promisor is able is an absolute, and not a conditional, promise; it amounts to a promise to pay within a reasonable time."

We are disposed to follow and apply the majority rule. The promise being conditional, and the condition not being met, the cross-petition was properly dismissed.

We find no assignment of error well made.

*Judgment affirmed.*

MILLER, P. J., HORNBECK and WISEMAN, JJ., concur.