**POWER & POLLUTION SERVICES, INC., Appellee,**

v.

**SUBURBAN POWER PIPING CORPORATION, Appellant.**

[Cite as *Power & Pollution Services, Inc. v. Suburban Power Piping Corp.* (1991), 74 Ohio App.3d 89.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58371.

Decided May 13, 1991.

*John V. Heutsche,* for appellee.

*James P. Cullen,* for appellant.

Francis E. Sweeney, Judge.

Defendant-appellant, Suburban Power Piping Corporation, timely appeals the trial court's granting of a motion for summary judgment filed by plaintiff-appellee, Power & Pollution Services, Inc., on appellee's action to recover monies owed it for services rendered under a subcontract. For the following reasons, we affirm the judgment of the trial court.

The essential facts in this case are undisputed. Appellee worked as a subcontractor on a construction project for which appellant was general contractor. Appellee did satisfactory work and is owed a balance of $31,082, together with interest thereon. The trial court granted appellee's motion for summary judgment. Appellant now timely appeals, raising one assignment of error for our review:

"The trial court erred in granting plaintiff's motion for summary judgment and in denying defendant's motion for summary judgment because the contract language in question bars recovery for the appellee subcontractor since the appellant is not obligated to pay appellee until the owner pays appellant."

In appellant's brief in opposition to the motion for summary judgment and on this appeal, appellant contends that a "pay-when-paid" clause in the parties' written contract establishes that appellant's receipt of payment from the owner, LTV Steel Corporation ("LTV"), is a condition precedent to appellant's obligation to pay appellee on the contract. Appellant has not been paid by the owner, LTV, because LTV filed for Chapter 11 Bankruptcy. Thus, appellant argues that the "pay-when-paid" clause excuses it from paying appellee. Appellee contends that these provisions should be construed as an unconditional promise to pay, with the time of payment being postponed until a certain event or for a reasonable period of time if the event does not take place. Appellee's interpretation is the majority view in this country, which we find applicable here.

The written contract between the parties provided, in pertinent part ("pay-when-paid" clause):

"5(d) * * * Company [Suburban] shall not be required to pay any such monthly billing of the subcontractor prior to the date Company receives payment of its corresponding monthly billing from the Owner.

"5(e) * * * Within ten (10) days after said final payment by the Owner, Company shall pay the subcontractor the balance of the subcontract sum."

Ohio courts have not previously addressed the issue of how "pay-when-

paid" clauses should be interpreted and enforced.[1]  However, the Sixth Circuit Court of Appeals dealt with this issue in depth in *Thomas J. Dyer Co. v. Bishop Internatl. Eng. Co.* (C.A.6, 1962), 303 F.2d 655.  In *Dyer*, the contractor relied on a "pay-when-paid" clause[2] in refusing to pay a subcontractor where the owner filed for bankruptcy.  The Sixth Circuit Court of Appeals held the clause delayed payment for a " * * * reasonable period of time after the work was completed, during which the general contractor would be afforded the opportunity of procuring from the owner the funds necessary to pay the subcontractor * * *."  *Id.* at 661.  The court reasoned as follows:

"In the case before us we see no reason why the usual credit risk of the owner's insolvency assumed by the general contractor should be transferred from the general contractor to the subcontractor.  It seems clear to us under the facts of this case that it was the intention of the parties that the subcontractor would be paid by the general contractor for the labor and materials put into the project.  We believe that to be the normal construction of the relationship between the parties.  If such was not the intention of the parties it could have been so expressed in unequivocal terms dealing with the possible insolvency of the owner.  * * *"  *Id.*

The *Dyer* decision has been adopted by a majority of courts in other jurisdictions.[3]

Applying the reasoning of the court in *Dyer* to the present case, we find the provision in dispute here does not set a condition precedent to the general contractor's duty to pay the subcontractor, but rather constitutes an absolute promise to pay, fixing payment by the owner as a reasonable time for when payment to the subcontractor is to be made.  If the parties intended to shift the risk of solvency of the owner to the subcontractor, such intention should have been unambiguously expressed in the contract.

---

1.  Appellant cites *North Market Assn., Inc. v. Case* (1955), 99 Ohio App. 187, 58 O.O. 312, 132 N.E.2d 122, which held that a promise to pay "if and when funds are available" was conditional and did not impose any obligation to pay until funds were available.  The use of the conjunction "if " in the payment provision evidenced that party's intention to condition receipt of payment by the subcontractor upon receipt of payment from the owner and is, thus, distinguishable from the present case.  See *id.*

2.  The "pay-when-paid" clause in *Dyer* provided, in pertinent part:
    "The total price to be paid to Subcontractor shall be * * * ($115,000.00) * * * no part of which shall be due until five (5) days after Owner shall have paid Contractor therefor * * *."

3.  See *Statesville Roofing & Heating Co., Inc. v. Duncan* (W.D.N.C. 1988), 702 F.Supp. 118; *Southern States Masonry, Inc. v. J.A. Jones Constr.* (La.1987), 507 So.2d 198; *Peacock Constr. Co., Inc. v. Modern Air Conditioning, Inc.* (Fla.1977), 353 So.2d 840.

In view of the above, we find the trial court did not err in granting appellee's motion for summary judgment since appellee is entitled to judgment as a matter of law.

Assignment of Error I is overruled.

*Judgment affirmed.*

NAHRA, P.J., and JAMES D. SWEENEY, J. concur.