OPINION
Plaintiff-appellant Kalkreuth Roofing Sheet Metal, Inc. ("Kalkreuth") appeals the August 26, 1997 Entry of the Perry County Court of Common Pleas granting summary judgment in favor of defendants-appellees Bogner Construction Company ("Bogner") and Ohio Farmers Insurance Company ("Ohio Farmers").
 STATEMENT OF THE FACTS AND CASE
Bogner was the general trades prime contractor on a public improvement involving the construction and completion of a new elementary and middle school facility in Hemlock, Ohio. The Southern Local School District ("School District") owned the project. Bogner and the School District entered into the prime construction contract on March 31, 1992. Ohio Farmers was Bogner's surety and bonding company and issued the payment bond pursuant to R.C. 153.54.
On April 29, 1992, Bogner entered into a subcontract with Kalkreuth. Under the terms of the contract, Kalkreuth agreed to perform all work and furnish all materials necessary to complete the roofing and sheet metal work on the project. Paragraph four of the subcontract is at issue on appeal. This paragraph provides as follows:
 The parties to this purchase order specifically acknowledge and agree that a condition precedent to the obligation of the Contractor to pay Subcontractor is the payment to Contractor by Owner of monies due. This provision does not merely set forth the time at which payment must be made to the Subcontractor. Subcontractor expressly acknowledges that Subcontractor may never be paid in full, or at all, to the extent Contractor is not paid by the Owner.
The substantial completion date for Bogner's general trades work was July 1, 1993. However, Bogner experienced difficulties with a number of its subcontractors, which contributed to project delays and the prevention of the project's timely completion.
As a result of these problems, the School District refused to pay Bogner the full contract price and withheld retainages totaling $36,695.33 from Bogner's final draw. In turn, Bogner paid Kalkreuth $345,233.44, but withheld $14,384.54 from Kalkreuth's final draw pursuant to the "pay-if-paid" clause contained in the subcontract.
Due to Bogner's withholding of $14,384.54, Kalkreuth filed its complaint on September 30, 1996, alleging Bogner breached its subcontract with Kalkreuth by failing to pay the full amount of the subcontract price. The complaint also asserts a claim against Bogner's surety, Ohio Farmers, under the payment bond issued by Ohio Farmers. Bogner and Ohio Farmers filed a joint motion for summary judgment on July 18, 1997. Kalkreuth filed a response on August 1, 1997. Thereafter, Bogner and Ohio Farmers filed a motion to strike various portions of the affidavit of Kalkreuth's vice-president, James J. Hurley.
On August 26, 1997, the trial court granted the motion to strike and also granted summary judgment in favor of Bogner and Ohio Farmers. Kalkreuth timely filed its notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE COMMON PLEAS COURT OF PERRY COUNTY, OHIO ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS. SAID ERROR IS REFLECTED IN THE ORDER ENTERED BY THE COMMON PLEAS COURT ON AUGUST 26, 1997.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review Kalkreuth's assignment of error.
 I
Kalkreuth contends, in its sole assignment of error, the trial court erred in granting summary judgment in favor of Bogner and Ohio Farmers. Kalkreuth maintains, pursuant to paragraph four of the subcontract, the condition precedent triggering Bogner's obligation to pay the subcontractor was not the School District's payment of the full contract price, rather "the payment to Contractor by Owner of monies due." (Emphasis added). When the School District paid Bogner the final draw less retainages, the condition precedent was satisfied because all monies due to Bogner were paid.
Ohio courts have recognized a "pay-if-paid" provision is binding and enforceable as long as such provision is undeniably clear and unambiguous as to the true intent and meaning of the clause. Power Pollution Serv., Inc. v. Suburban Power PipingCorp. (1991), 74 Ohio App.3d 89; North Market Assn., Inc. v. Case
(1959), 99 Ohio App. 187.
Paragraph four of the subcontract, set forth in toto supra,
provides, "a condition precedent to the obligation of [Bogner] to pay [Kalkreuth] is the payment to [Bogner] by [the School District] of monies due." (Emphasis added). The School District paid Bogner its final draw withholding retainages for deficiencies in Bogner's performance. Bogner and Ohio Farmers assert Bogner has not received payment of "monies due" because it has not received payment of the full contract price. Kalkreuth counters Bogner has received all "monies due" under the contract because, if the retainages were validly withheld, the School District does not owe Bogner additional monies.
The subcontract does not define "monies due". The term undoubtly could refer to the original full contract price, as Bogner and Ohio Farmers contend, or to the final amount agreed upon by the owner and general contractor after allowances for retainages, as Kalkreuth asserts. We find the parties' different interpretations of the term "monies due" illustrates the ambiguity of the clause. Because paragraph four is not "undeniably clear and unambiguous", we find a genuinely disputed material fact exists making the granting of summary judgment inappropriate.
Kalkreuth also maintains the record contains insufficient facts to establish the School District withheld sums from Bogner as a result of deficiencies in Kalkreuth's performance. Kalkreuth asserts allowing a general contractor to withhold sums from all subcontractors due the one subcontractor's deficient performance would be inequitable.
In their Brief to this Court, Bogner and Ohio Farmers argue, "the factual issues of why Bogner did not receive full payment and whether Kalkreuth's work performed on the project was substandard are clearly irrelevant." Brief of Appellees at 14. We find this argument unpersuasive.
Attached to Bogner and Ohio Farmers' motion for summary judgment was the affidavit of Robert E. Bogner, Vice President of Bogner Construction Company. In his affidavit, Mr. Bogner stated:
 9. Bogner's contractual date of substantial completion of its work on the Project was July 1, 1993. Due to, among other things, substantial delays caused by subcontractors, including Kalkreuth, Bogner was prevented from timely achieving substantial completion of the Project.
 10. As a direct result, the School District . . . withheld retainages from Bogner's final draw . . .
Affidavit of Robert E. Bogner. (Emphasis added).
Bogner and Ohio Farmers raised the issue of Kalkreuth's performance and its effect on Bogner's receipt of less than the full amount of the contract price. If an individual subcontractor's performance is irrelevant to an interpretation of a "pay-it-paid" clause, a general contractor hypothetically could withhold full payment to a subcontractor based upon another subcontractor's or the general contractor's deficient work when the general contractor agrees to accept from the owner a penny less than the original contract price.
Accordingly, we find a genuinely disputed material fact exists as to whether Kalkreuth's performance was deficient.
Based upon the above, we find the trial court erred in granting motion for summary judgment in favor of Bogner and Ohio Farmers.
Appellant's assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby reversed and remanded for further proceedings in accordance with the law and this opinion.
By: Hoffman, J. and Farmer, P. J. concur, Wise, J. Concurs separately.
 Concurring Opinion