**SMITH, Plaintiff, v. SHOEMAKER et, Defendants.**

Common Pleas Court, Highland County.

No. 18537.   Decided July 29, 1959.

Hapner & Hapner, Jon C. Hapner, of Counsel, Hillsboro, for plaintiff.
Forrest F. Beery, Hillsboro, for defendants.

**OPINION**

By HOTTLE, J.

Defendants' Demurrer to the Petition having come on for hearing and having been argued by respective counsel for the parties; upon consideration thereof, the Court sustains the same as to Branch (1) but overrules as to Branch (2).

Defendants' counsel also orally moved for permission to withdraw the Motion to dismiss the action heretofore filed by Defendants; which permission is granted.

Counsel for Defendant did not press the second branch of the demurrer, and the Court will not comment on its ruling thereon.

The first branch raises an interesting question, and decisions concerning same seem to be scarce in Ohio.

Exhibit "A," attached to and made a part of the Petition which pleads the short form of action," . . . upon an instrument for the unconditional payment of money only . . .," under authority of §2309.32 R. C., reads as follows:

"This is a note from Floyd and Letta Lee Shoemaker of Hillsboro, Ohio, to Dorothy P. Smith. for a loan of One Thousand Dollars without interest and payments only when possible.   In event of my death, any

amount still due on note shall be kept by them.

Mar. 11th, 1952                                      /s/ F. H. Shoemaker
                                                     /s/ Letta Lee Shoemaker"

The last sentence thereof goes further than those cases discussed in 94 A. L. R. 721-725; even those of the minority view.

The majority view is stated at page 721 and the minority at page 724 of said text: these views are quoted from the citation of 12 Am. Jur. 858, Section 303 in **North Market Association Inc. v. Case et al., 99 Oh Ap 187** at **188** as follows:

" 'In a majority of the states in which the question has arisen and in Canada it is held that a promise to pay when the promisor "is able" (or a term of the same purport) is a conditional, and not an absolute, promise to pay, and that the promisee is not entitled to recover on such a promise unless the promisor is able to pay the debt. The minority view is that a promise to pay when the promisor is able is an absolute, and not a conditional, promise; it amounts to a promise to pay within a reasonable time.' "

In that case, the 2nd District Court of Appeals followed the majority view and held the promise to be conditional. The condition was, from the evidence, that the money was to be paid " 'if and when funds are available.' "

The word "if," used in the instrument involved in the North Market Association case, means "on the condition that" (cf. Winston Dictionary); therefore, the cases are not on all fours as far as the language of the phrases are concerned.

In the instant case, the condition is: "payments only when possible." The rule of paying within a reasonable time, as discussed in the A. L. R. annotation, might be applied if a difference could be distinguished between the above quoted statements.

The word "when" is used in regard to the time that payments are possible; the word "possible" is used in the sense of "capable of being done" (cf. Bouvier Law Dictionary, Rawle's 3rd Revision Vol. 2); "that may or may not occur," "within or up to the limits of ones ability or capacity as determined by nature, authority, circumstances, etc." (cf. Webster's New International Dictionary, 2nd. ed.)

Therefore, Defendants have promised to pay a certain sum of money at the time they are capable of doing so. The Court does not consider such a promise an absolute one.

Bouvier Law Dictionary, ibid, defines a promissory note, "A written promise to pay a certain sum of money, at a future time, unconditionally.", quoted in **Burke v. State, 104 Oh St 220** at **222.**

This Court is also disposed to follow and apply the majority rule as was done in the North Market v. Case, ibid, and rules that Exhibit "A" is conditional by its terms.

Therefore, since the within Petition does not state facts showing an action founded upon an instrument for the unconditional payment of money only, the Demurrer to the Petition is valid, §2309.08 (J) R. C. The text of 94 A. L. R. 721 completing the statement of the majority view reads: ". . . and that therefore the promisee, in order that he may

recover on such a promise [is able] **must allege** and prove ability of the promisor to pay the debt." (Emphasis added.)

The Court has no difficulty in distinguishing the cases of **Shemonia v. Verda, 24 Oh Ap 246, Ring & Rice v. Foster, 6 Ohio 279, Mitchell v. McCabe, 10 Ohio 406.**

Counsel for Defendants will draw proper Entry per rule, reserving exceptions to the parties as adversely affected, granting leave to Plaintiff to plead further within twenty days.