OPINION *Page 2 
{¶ 1} Plaintiff-appellant Linda Phillips appeals the July 12, 2006 Judgment Entry entered by the Ashland County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee David W. Campbell, Executor of the Estate of William G. Phillips.
 STATEMENT OF THE FACTS AND CASE {¶ 2} William G. Phillips ("decedent") executed a Last Will and Testament on January 19, 1999. Therein, decedent appointed Appellee as Executor. Appellant and decedent were married on December 12, 2000. Appellant was not named in decedent's 1999 Will. In October 23, 2003, decedent became ill and was transported to Med-Center Health System, where he was admitted. While hospitalized, decedent suffered a massive heart attack and died a few days later on October 29, 2003. Decedent did not have insurance coverage for the hospital bills incurred.
 {¶ 3} As previously mentioned, Appellant was not named in decedent's Will; therefore, she filed an election under R.C. 2106.01 and 2106.06. In addition to serving as executor, Appellee was also a named beneficiary under the Will. Decedent bequeathed to Appellee a firearms collection and woodworking equipment. In addition, Appellee was to receive 43% of the remainder of the Estate. Decedent devised the remaining 57% to three individuals decedent had adopted at some point in his life.
 {¶ 4} Appellant received a bill in the amount of $113,336.19 from Med-Central Health Systems for the expenses incurred during the decedent's hospital stay. Appellant submitted a claim against the Estate to Appellee as executor for these *Page 3 
expenses. Appellee rejected the claim. Appellant filed a financial aid application with the hospital. On December 9, 2003, the hospital approved the application and the entire balance of the bill was discounted. Appellant filed the instant action, seeking equitable relief under theories of unjust enrichment and subrogated rights.
 {¶ 5} On December 16, 2005, Appellee filed a Motion for Summary Judgment. Appellant filed a memorandum in opposition thereto. Via Judgment Entry filed July 12, 2006, the trial court granted judgment in favor of Appellee on all of Appellant's claims.
 {¶ 6} It is from this judgment entry Appellant appeals, raising the following assignments of error:
 {¶ 7} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING SUMMARY JUDGMENT TO THE APPELLEE, WHEN THE JUDGMENT IS INAPPROPRIATE AS A MATTER OF LAW AND WHEN THERE WERE CONTESTED ISSUES OF MATERIAL FACTS, OR IF NOT CONTESTED, SUCH MATERIAL FACTS SUPPORTED A SUMMARY JUDGMENT MOTION FOR APPELLANT. THIS ERROR IS FOUND IN THE JUDGMENT ENTRY OF JULY 12, 2006 GRANTING THE APPELLEE SUMMARY JUDGMENT."
 Standard of Review {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 9} Civ.R. 56(C) states, in pertinent part:
 {¶ 10} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of *Page 4 
evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 12} It is based upon this standard we review Appellant's assignment of error.
 I {¶ 13} In her sole assignment of error, Appellant challenges the trial court's grant of summary judgment in favor of Appellee on her claims for legal and equitable relief. *Page 5 
 {¶ 14} R.C. 2106.01 addresses the rights of a surviving spouse to elect to take against the Will of a decedent. The statute provides, inter alia, that to which the surviving spouse is entitled, regardless and irrespective of the terms of the Will. As Appellant elected against the Will, she was entitled to one-half of decedent's Estate.
 {¶ 15} When decedent died, Appellant became personally responsible for his medical bills as she had contractually obligated herself to pay the bills at the time of his admission to the hospital. Appellant could not pay the hospital bill and subsequently filed a financial aid application with the hospital. The application was allowed and the bill was discounted 100%. Appellant thereafter filed a claim with the Estate for the amount of the hospital bill. Appellee, as the Executor, rejected the claim, maintaining Appellant did not have standing to assert the claim. Appellant maintains she "enriched" the Estate by the sum of $113,336.19; therefore, she is entitled to that amount.
 {¶ 16} In order to recover on a claim of unjust enrichment, a plaintiff must prove 1) the plaintiff conferred a benefit on the defendant; 2) knowledge by the defendant of such benefit; and, 3) the defendant retained the benefit under circumstances where it would be inequitable to do so without compensation. Johnson v. MicrosoftCorp. (2005), 106 Ohio St.3d 278, 287.
 {¶ 17} Any claim by Med-Central against the Estate for the hospital bill would take statutory priority. If Med-Central had submitted the claim, the entire $113,336.19 would have come out of the Estate, and the assets of the Estates would have been depleted. Due to the lack of assets in the Estate, Appellant would have effectively ended up with nothing. Because Appellant filed the application and obtained the discount, decedent's Estate experienced no depreciation of assets. As such, the Estate *Page 6 
was "enriched" by Appellant's actions. Nonetheless, despite the fact the other heirs of the estate benefited from her actions, we do not find Appellee was "unjustly" enriched. Appellant likewise benefited from the hospital's waiver, more so than Appellee. Had the hospital not waived its bill, Appellant would have received nothing from the estate yet still be responsible for the bill. Equity was achieved herein by awarding Appellant her statutory spousal election. Accordingly, we find Appellant failed to establish a prima facie case of unjust enrichment.
 {¶ 18} Additionally, we find Appellant's claim of equitable subrogation must also fail.
 {¶ 19} In State v. Jones (1980), 61 Ohio St.2d 99, the Ohio Supreme Court explained, the theory of equitable subrogation "`arises by operation of law when one having a liability or right to a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid.' Federal Union LifeIns. Co. v. Deitsch (1934), 127 Ohio St. 505, 510, 189 N.E. 440." Id. at 102. Equitable subrogation has been described as a theory of unjust enrichment, preventing parties from receiving that to which they are not entitled. Williams v. Erie Ins. Group (1993), 86 Ohio App.3d 660, 665. The right to equitable subrogation depends upon the facts and circumstances of each case, and the basis for the claim must be readily apparent. Jones, supra at 102.
 {¶ 20} Appellant did not pay a debt. She was personally obligated to pay the hospital bill. As a result of the financial assistance from the hospital, Appellant was relieved of that obligation. The hospital forgave the debt. The assets of the Estate remained unchanged. We find equitable subrogation does not arise under these facts. *Page 7 
 {¶ 21} Based upon the foregoing, we find the trial court properly granted summary judgment in favor of Appellee.
 {¶ 22} Appellant's assignment of error is overruled.
 {¶ 23} The Judgment of the Ashland County Court of Common Pleas is affirmed.
 By: Hoffman, J., Gwin, P.J. and Edwards, J. concur *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the Judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1