SMITH, Appellants,

v.

VAUGHN, Appellee.

[Cite as *Smith v. Vaughn*, 174 Ohio App.3d 473, 2007-Ohio-7061.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–070122.

Decided Dec. 28, 2007.

474

Benjamin, Yocum & Heather, and Charles F. Hollis III, for appellants.

Brigham & Brigham, and Charles A. Brigham III, for appellee.

SYLVIA SIEVE HENDON, Judge.

{¶ 1} This case arose out of a disputed debt. Defendant-appellee, Gary Vaughn, signed a document stating that plaintiffs-appellants, Fred and Martha Smith, were loaning him $9,900. As to when the loan was to be repaid, the document stated, "when you can." Approximately 18 months later, the Smiths sued Vaughn for the entire amount, claiming default on the note as well as unjust enrichment. The Smiths moved for summary judgment. They contended that Vaughn was immediately liable for the entire amount but that they were willing to work out a repayment schedule. Vaughn also moved for summary judgment,

arguing that he did not have to repay the Smiths because he did not have the ability to do so. The trial court denied the Smiths' motion and granted Vaughn's. The Smiths now appeal. We reverse.

{¶ 2} In their first and second assignments of error, the Smiths argue that the trial court should have granted their motion for summary judgment as to liability and that the court should have denied Vaughn's cross-motion.

{¶ 3} This court reviews the granting of summary judgment de novo.[1] Summary judgment is appropriate if (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.[2]

{¶ 4} The Smiths and Vaughn agree that the terms of the promissory note control in this case. They argue, however, over what law applies to determine the meaning of the phrase "when you can." The Smiths contend that the note was payable on demand and that it was a negotiable instrument. It was neither. An instrument is payable on demand if it states that it is, or if no time is specified for repayment.[3] Here, "when you can" was when payment was due. This was not the equivalent of completely failing to identify a repayment date. And this conditional term of repayment destroyed negotiability.[4] This argument has no merit.

{¶ 5} Vaughn, in turn, argues that he had to repay the Smiths only if they could demonstrate that he had the ability to pay. But the cases cited by Vaughn, namely *N. Market Assn. v. Case*[5] and *Smith v. Shoemaker*,[6] ignore the Ohio Supreme Court case of *Lewis v. Tipton*.[7] In that case, the document stated that Lewis would pay Tipton $95 "when I can make it convenient, with ten per cent.

1. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

2. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267; see also *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

3. R.C. 1303.07(A); see also *Ranieri v. Terzano* (1983), 8 Ohio App.3d 438, 441, 8 OBR 563, 457 N.E.2d 906.

4. See R.C. 1303.03(A)(2).

5. *N. Market Assn. v. Case* (1955), 99 Ohio App. 187, 58 O.O. 312, 132 N.E.2d 122.

6. *Smith v. Shoemaker* (1959), 81 Ohio Law Abs. 451, 162 N.E.2d 237.

7. *Lewis v. Tipton* (1859), 10 Ohio St. 88, 1859 WL 52.

interest till paid."[8] The court held that the words "when I can make it convenient" evidenced the intent of the parties to make the note payable within a reasonable time, and that the "reasonable time" was "to be determined in view of all the circumstances," not just by the obligor's ability to pay.[9]

{¶ 6} There is little case law applying the *Tipton* rule. But cases governing contract disputes lend some guidance as to what factors a court should examine in concluding what constitutes a "reasonable" time for performance.

{¶ 7} The Tenth Appellate District has determined that a reasonable amount of time "is not measured by hours, days, weeks, months, or years."[10] Instead, the trier of fact "should ascertain the parties' original expectations and the circumstances surrounding the execution of the agreement."[11] In addition to these considerations, the Seventh Appellate District has stated that the trier of fact should examine all factors "ordinary and extraordinary."[12] We find these cases to be persuasive. And we add that an obligor's ability to pay must also be a part of the court's determination of reasonableness, since the ability to pay is part of "all the circumstances."

{¶ 8} Applying the law to the facts of this case, we uphold the court's denial of the Smiths' motion for summary judgment. The Smiths did not support their motion with evidentiary materials concerning the totality of the circumstances. We overrule the first assignment of error.

{¶ 9} But we are compelled as a matter of law to reverse the trial court's judgment in favor of Vaughn. In support of his motion, Vaughn attached only his own affidavit stating that he had encountered some financial difficulties in the past, was presently employed, and had attempted to repay the Smiths a small fraction of what he owed. Considering the very broad test for "reasonableness," we hold that Vaughn had failed to establish the absence of a genuine issue of fact concerning whether it was reasonable for him to repay the Smiths. The second assignment of error is sustained.

{¶ 10} In their third and final assignment of error, the Smiths contend that the trial court erred in granting Vaughn's motion for summary judgment on

---

8. Id. at syllabus.

9. Id. at 91.

10. *Morton Bldgs., Inc. v. Correct Custom Drywall, Inc.*, 10th Dist. No. 06AP–851, 2007-Ohio-2788, 2007 WL 1641155, ¶ 17.

11. Id. at ¶ 18.

12. *Cionni v. Reid* (July 25, 1991), 7th Dist. No. 90–J–19, 1991 WL 139579.

their claim for unjust enrichment. This assignment also has merit. Unjust enrichment occurs when "a person 'has and retains money or benefits which in justice and equity belong to another.' "[13] To prevail on a claim of restitution based upon unjust enrichment, a plaintiff must establish " '(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.' "[14]

{¶ 11} Vaughn's motion for summary judgment was not supported by sufficient evidentiary materials to demonstrate the absence of a genuine issue of material fact concerning the essential elements of the unjust-enrichment claim. The Smiths' third assignment of error is sustained.

{¶ 12} In sum, the judgment of the trial court granting Vaughn's motion for summary judgment is reversed. This case is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

PAINTER, P.J., and DINKELACKER, J., concur.

---

**13.** *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 20, quoting *Hummel v. Hummel* (1938), 133 Ohio St. 520, 528, 11 O.O. 221, 14 N.E.2d 923.

**14.** Id., quoting *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298.