[Cite as *Home Sales, Inc. of Delaware v. Burris*, 2011-Ohio-3359.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

HOME SALES INC., OF DELAWARE,
c/o CHASE HOME FINANCE, LLC,      :

                           Case No.   10CA6

        Plaintiff-Appellee,            :

        vs.                           :

RANDY A. BURRIS, et al.,          :     DECISION AND JUDGMENT ENTRY


        Defendants-Appellants.       :

APPEARANCES:

COUNSEL FOR APPELLANT,     John E. Bowers, 233 North Court Street,
THE SAVINGS BANK:            Circleville, Ohio 43113

COUNSEL FOR APPELLEE:       Steven E. Elder and Michelle L. Polly-Murphy, Steven E.
                                     Elder, Co., L.P.A., 731 Fife Avenue, Wilmington, Ohio
                                     45177

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 6-28-11

ABELE, J.

{¶ 1} This is an appeal from Hocking County Common Pleas Court summary judgment.

The court determined that Home Sales Inc., of Delaware, c/o Chase Home Finance, L.L.C.,

plaintiff below and appellee herein, had the first and best lien on real property to be foreclosed.

The Savings Bank, defendant below and appellant herein, assigns the following errors for review:

        FIRST ASSIGNMENT OF ERROR:

        "THE TRIAL COURT ERRED IN APPLYING EQUITABLE

SUBROGATION TO GIVE JP MORGAN CHASE'S ("CHASE") MORTGAGE PRIORITY OVER THE RECORDED PRIOR MORTGAGES OF THE SAVINGS BANK ("TSB") WHERE A THIRD PARTY TITLE AGENT INSURING CHASE NEGLIGENTLY FAILED TO DISCOVER THE PRIOR MORTGAGES."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT."

{¶ 2}   On August 27, 2007, Randy Burris and Kelly Burris executed a note and promised to repay Chase Bank USA, N.A. $172,000.[1]   As security for that note, they executed a mortgage on property they owned in Amanda.   Shortly thereafter, the note and mortgage were apparently assigned to Home Sales, Inc.

{¶ 3}   After the Burrises fell behind on their mortgage payments, Homesales, Inc. filed the instant action and alleged default on the note.   Homesales sought, inter alia, a mortgage foreclosure[2] and further alleged that its mortgage was the first and best lien on the property. The Burrises did not answer and a default judgment ensued.   Consequently, lien priority was the central issue to be determined.

{¶ 4}   It is undisputed that appellant filed mortgages against the property on January 13, 2006 and April 23, 2007.   Apparently, these liens were overlooked in a title search conducted prior to closing on the Chase refinance.   It is also undisputed that appellee's mortgage was filed

---

[1]  The location of this note is unclear, and the foreclosure complaint stated that it is "unavailable at this time."

[2]  On May 27, 2009, J.P. Morgan Chase Bank, N.A., replaced Homesales, Inc. as party plaintiff.     In light of the fact that Chase Bank USA NA was also named as a party defendant to the foreclosure complaint, the plaintiff appears to be in a very unusual position.

for record October 3, 2007, which makes it subordinate to appellant's mortgages. Appellee argued, however, that it deserved priority status as the first and best lien holder under the doctrines of equitable subrogation and unjust enrichment.

{¶ 5} Both sides requested summary judgment, and on March 30, 2010, the trial court granted appellee's motion and granted it lien priority over appellant. This appeal followed.

{¶ 6} We jointly consider appellant's two assignments of error because they involve the same issue concerning summary judgment in favor of the appellee. Our analysis begins with the premise that appellate courts review summary judgments de novo. Sutton Funding, L.L.C. v. Herres, 188 Ohio App.3d 686, 936 N.E.2d 574, 2010-Ohio-3645, at ¶59; Broadnax v. Greene Credit Service (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167. In other words, appellate courts afford no deference whatsoever to trial court decisions, Sampson v. Cuyahoga Metro. Hous. Auth., 188 Ohio App.3d 250, 935 N.E.2d 98, 2010-Ohio-3415, at ¶19; Kalan v. Fox, 187 Ohio App.3d 687, 933 N.E.2d 337, 2010-Ohio-2951, at ¶13, and must conduct their own, independent review to determine if summary judgment is appropriate. Woods v. Dutta (1997), 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18, abrogated on other grounds by Marshall v. Ortega, 87 Ohio St.3d 522, 721 N.E.2d 1033, 2000-Ohio-481; McGee v. Goodyear Atomic Corp. (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317.

{¶ 7} Summary judgment under Civ. R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) he is entitled to judgment as a matter of law and (3) after the evidence is construed most strongly in favor of the non-movant, reasonable minds can come to one conclusion and that conclusion is adverse to the non-moving party. See Kaminski v. Metal & Wire Prods. Co., 125 Ohio St.3d 250, 927 N.E.2d 1066, 2010-Ohio-1027 at

¶103; <u>Zivich v. Mentor Soccer Club, Inc.</u> (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201.

The moving party bears the initial burden to show that no genuine issues of material fact exist

and that it is entitled to judgment as a matter of law.   <u>Dresher v. Burt</u> (1996), 75 Ohio St.3d 280,

293, 662 N.E.2d 264; <u>Mitseff v. Wheeler</u> (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798.   If

that burden is satisfied, the onus shifts to the non-moving party to provide rebuttal evidentiary

materials.   See <u>Trout v. Parker</u> (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; <u>Campco</u>

<u>Distributors, Inc. v. Fries</u> (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661.   With these

principles in mind, we turn our attention to the case at bar.

{¶ 8}   Ohio mortgage priority law can be summarized as "first in time, first in right."   In

other words, the first mortgage recorded will generally have priority over a subsequent recorded

mortgage.   R.C. 5301.23(A).   In the case sub judice, there is no doubt that appellant's

mortgages pre-date appellee's mortgage and, thus, appellant has the first and second best liens on

the premises unless appellee can show an applicable exception to the general rule.   Appellee

advanced two exceptions in its summary judgment motion (1) equitable subrogation, and (2)

unjust enrichment.

{¶ 9}   With respect to equitable subrogation, the facts in the Ohio Supreme Court's

decision in <u>ABN AMRO Mtge. Group v. Kangah</u>, 126 Ohio St.3d 425, 934 N.E.2d 924,

2010-Ohio-3779, appear to be almost identical to the facts in the case sub judice.   In that case, a

homeowner refinanced his mortgage with ABN AMRO and used the proceeds to retire the

previous first mortgage and to satisfy property taxes.   However,   a title examiner overlooked a

second mortgage on the property.   That mortgage was never satisfied and, thus, became the first

and best lien on the premises. Id. at ¶¶1-3.   When ABN AMRO later sought to foreclose its

mortgage, the other lienholder asserted its priority. ABN AMRO argued, however, and the trial court agreed, that the doctrine of equitable subrogation protected its interest. The Eighth District Court of Appeals agreed, but the Ohio Supreme Court later reversed the judgment. Id. at ¶¶ 4 & 17. "ABN would not be seeking equitable subrogation," the Court noted, "but for someone's negligence." Id. at ¶14. If ABN AMRO was negligent, that would defeat its claim for equitable subrogation. If the title insurance company was negligent, the Court noted, then ABN AMRO might have an action against it that would also defeat a claim of equitable subrogation. Id. The Ohio Supreme Court further noted that the mortgagee itself hired the title insurance company employed in ABN AMRO. In its motion, in the instant case, appellee went to great length to argue that the mortgagor chose the title insurance company in this case and, thus, worked for the mortgagor. The implication of that argument is that the title company did not work for appellee as it did for ABN AMRO. Although that may well be true, an affidavit from Lena Pozhitsky, a Vice President of Chase Home Finance LLC, attested that the title agency was "responsible for doing the title examination, finding and paying off any prior recorded liens[.]" Further, Chase "would never have loaned the money at issue here if it were not to have a first mortgage" encumbering the security. This suggests that appellee may also have a third party beneficiary claim against the title company. More important, however, title companies also frequently issue policies to lenders to ensure that they have a first and best lien on the premises. If that is the case here, then appellee would have a claim against the title insurance company on that policy. We concede that Pozhitsky attests that "Chase Bank . . . did not pay [the title company] anything" for this transaction. Once again, that may indeed be true, but premiums for a lender's policy are typically paid by a borrower at closing. The settlement agreement attached to

appellee's motion for summary judgment reveals that the Burrises paid $450 in underwriting fees for the benefit of appellee. Although we do not know precisely what comprised the underwriting fees, as the Ohio Supreme Court noted in ABN AMRO, supra at ¶14, a claim against a title insurance company will negate application of equitable subrogation. If appellee received a lender's policy, it would have a claim against the title insurance company. We believe that the trial court should consider this matter in light of ABN AMRO.[3]

{¶ 10} Appellee also argues that even if the trial court erred by granting it summary judgment on equitable subrogation, it is nevertheless entitled to judgment on an unjust enrichment theory. We disagree. To begin, the doctrines of equitable subrogation and unjust enrichment are intertwined. See Sky Bank Mid Am Region v. Mar-Metal Mfg., Inc., Wyandot App. No. 16-09-02, 2009-Ohio-2193, at ¶21 (equitable subrogation described as a theory of unjust enrichment); Ford Homes, Inc. v. Bobie, Butler App. No. CA2008-09-220, 2009-Ohio-677, at ¶15 (equitable subrogation is essentially a theory of unjust enrichment); Phillips v. Campbell, Ashland App. No. 06-COA-025, 2007-Ohio-4022, at ¶19; (equitable subrogation is a theory of unjust enrichment). If the Ohio Supreme Court concluded in ABN AMRO that the equities did not weigh in favor of equitable subrogation in that case, and in view of the factual similarities between ABN AMRO and the case at bar, the court probably would have been disinclined to find unjust enrichment. However, even assuming, arguendo, that unjust enrichment can be found when equitable subrogation will not lie, we are not persuaded that appellee has met the requirements. To establish unjust enrichment, a plaintiff must demonstrate

---

[3] We recognize that ABN AMRO was decided nearly six months after the trial court issued its decision. Consequently, neither the trial court nor the parties had the benefit of that decision when it decided this case.

(1) a benefit conferred upon a defendant; (2) the defendant's knowledge of that benefit; and (3) the defendant's retention of the benefit under circumstances when it would be unjust.   Smith v. Vaughn, 174 Ohio App.3d 473, 882 N.E.2d 941, 2007-Ohio-7061, at ¶10;   Morequity, Inc. v. Fifth Third Bank, Hamilton App. No. C-080824, 2009-Ohio-2735, at ¶22.

{¶ 11} Although we agree that a benefit was conferred on appellee (it became the first lienholder as a result of liens ahead of it being satisfied), we find nothing in appellant's Civ.R. 56(C) motion to establish that appellant knew of that benefit before the instant litigation began, nor that appellant retained that benefit under circumstances when it would be unjust to do so. Indeed, as best we can tell from the evidentiary materials, appellant did not act in an inequitable manner.   Through no fault of its own, it became first lienholder.   Appellant neither overlooked the mortgages during a title search, nor is it under any legal obligation to protect appellee's interest and ensure that it became first and best mortgagee.

{¶ 12} For all of these reasons, we conclude that appellee did not carry its initial Civ.R. 56(C) burden and is not entitled to judgment in its favor as a matter of law.   Thus, we hereby sustain appellant's assignments of error, reverse the judgment and remand the matter for further proceedings consistent with this opinion.

JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be reversed and that the case be remanded for further proceedings consistent with this opinion.   Appellant to recover of appellees costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion
                        For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.