[Cite as *Helton v. Fifth Third Bank*, 2022-Ohio-1023.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| HELEN CLARKE HELTON, | : | APPEAL NO. C-210451 |
| CATHERINE T. CLARKE, | : | TRIAL NO. 2015-003814 |
| JAMES W. CLARKE, | : | *O P I N I O N.* |
| MARY ZIGO, | : | |
| and | : | |
| BRIDGET MURPHY, | : | |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| FIFTH THIRD BANK, | : | |
| Defendant-Appellee. | : | |


Appeal From:   Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: March 30, 2022


*Schlichter Bogard & Denton, Andrew D. Schlichter* and *Alexander L. Braitberg*, and *Christopher R. Heekin Co., LLC*, and *Christopher R. Heekin*, for Plaintiffs-Appellants,

*Vorys, Sater, Seymour and Pease LLP, Victor A. Walton, Jr., Nathaniel Lampley, Jr., Jacob D. Mahle, James B. Lind* and *Jessica K. Baverman*, for Defendant-Appellee.

**MYERS, Presiding Judge.**

**{¶1}** This is the second appeal in a lawsuit filed against defendant-appellee Fifth Third Bank ("Fifth Third") by plaintiffs-appellants Helen Clarke Helton, Catherine T. Clarke, James W. Clarke, Mary Zigo, and Bridget Murphy (collectively referred to as "the Clarke siblings") concerning Fifth Third's management of two trusts of which the Clarke siblings are beneficiaries.

**{¶2}** In this appeal, we consider the propriety of the trial court's grant of summary judgment to Fifth Third on the Clarke siblings' remaining claim for unjust enrichment. Because the law-of-the-case doctrine did not prohibit the trial court from considering a second motion for summary judgment following a remand from this court, and because the Clarke siblings have not conferred a benefit on Fifth Third, a necessary element for a claim of unjust enrichment, we affirm the trial court's grant of summary judgment to Fifth Third.

### *Factual and Procedural Background*

**{¶3}** The Clarke siblings are current income beneficiaries of two separate trusts over which Fifth Third serves as the sole trustee. A detailed history of these trusts and how the Clarke siblings came to be beneficiaries is set forth in this court's opinion in *Helton v. Fifth Third Bank*, 1st Dist. Hamilton No. C-180284, 2019-Ohio-5208 ("*Helton I*"). For purposes of this appeal, we provide a more concise explanation.

**{¶4}** The two trusts at issue are an inter vivos trust and a testamentary trust. The inter vivos trust was established by the Clarke siblings' great uncle William C. Sherman for the benefit of the Clarke siblings' mother and her descendants, and Sherman's brother John Q. Sherman ("JQS") and his descendants. Sherman also established a separate testamentary trust for the benefit of the Clarke siblings' mother and her descendants. The Clarke siblings' mother was an income beneficiary of these

trusts until her death in 2015. While their mother was alive, the Clarke siblings were remainder beneficiaries of both trusts. They became income beneficiaries of both trusts upon their mother's death. Income beneficiaries, but not remainder beneficiaries, of the trusts received ongoing distributions. The distributions came from the income of the trusts and were paid directly to the beneficiaries. From 1981 until her death in 2015, the Clarke siblings' mother received approximately 72 million dollars in distributions from the two trusts.

{¶5} Both trusts were funded with shares from Standard Register, a paper company founded by Sherman and JQS. Fifth Third, which as trustee had broad discretion over the trusts' investments, was concerned with the trusts' concentration in Standard Register stock. Fifth Third hired Morgan Stanley to prepare a report on possible ways to diversify the trusts. The report discussed several means of diversification, including a sale of the company. The Clarke siblings, along with their mother and a brother who is not a part of this lawsuit, sued Fifth Third to prevent it from selling any Standard Register stock held by the two trusts unless the sale was a part of a coordinated sale of all stock held by both trusts as well as all stock in a separate trust established by JQS. Despite Fifth Third's concerns, the trusts were never diversified. The value of Standard Register stock declined over time. In 2013, Standard Register merged with another company, and in 2015, it filed for bankruptcy. The values of the testamentary trust and inter vivos trust have declined to almost zero.

{¶6} In 2015, after becoming income beneficiaries of both trusts, the Clarke siblings filed a complaint against Fifth Third asserting various claims regarding Fifth Third's management of the trusts. In brief summary, count one of the complaint alleged that Fifth Third had breached the common law, statutory, and trust duty to diversify, count two alleged a breach of the duty of impartiality, count three alleged a claim for breach of trust/fiduciary duty, and count four asserted a claim for unjust enrichment. Counts five and six sought to remove Fifth Third as trustee of the trusts

3

and an injunction to prohibit Fifth Third from transferring any trust assets pending its removal as trustee.

{¶7} Fifth Third moved for summary judgment on all counts, arguing that the claim for the breach of the duty to diversify was filed outside of the applicable limitations period, and that all remaining claims arose from the breach of the duty to diversify and were also time-barred. The Clarke siblings opposed Fifth Third's motion and filed their own motion for summary judgment. The trial court denied the Clarke siblings' motion, but granted the motion filed by Fifth Third. It found that Fifth Third was entitled to summary judgment because the essence of all of the Clarke siblings' claims was a breach of fiduciary duty for the failure to diversify and that the claims were filed outside of the limitations period set forth in R.C. 5810.05.

{¶8} The Clarke siblings appealed. In *Helton I*, 1st Dist. Hamilton No. C-180284, 2019-Ohio-5208, we affirmed the trial court's grant of summary judgment to Fifth Third on the first three claims in the Clarke siblings' complaint. We held that the claim for breach of the duty to diversify was filed outside of the applicable limitations period, and that the asserted claims for breach of the duty of impartiality and breach of trust/fiduciary duty stemmed from the alleged failure to diversify and were also time-barred. *Id.* at ¶ 42 and 47. But we reversed the trial court's grant of summary judgment with respect to the claim for unjust enrichment. After setting forth the allegations in the complaint on which the unjust-enrichment claim was based, we held that:

> The unjust-enrichment claim was based on Fifth Third's alleged improper taking of fees from the trust. Although the complaint alleges that one reason Fifth Third was not entitled to the fees was because it had failed to diversify the trusts, the misconduct alleged in this claim is separate from the allegations of misconduct supporting the claim for breach of the duty to diversify the trusts. We therefore hold that the

4

trial court erred in finding that the unjust-enrichment claim stemmed from the claim concerning the failure to diversify.

*Id.* at ¶ 49.

{¶9} On remand, after considering motions from both parties regarding the court's discretion to allow summary-judgment briefing on the remaining claim, the trial court issued an entry permitting the filing of a motion for summary judgment on the unjust-enrichment claim. Fifth Third filed various depositions, affidavits, and a motion for summary judgment on the claim for unjust enrichment. The Clarke siblings filed a memorandum in opposition. The trial court denied Fifth Third's motion.

{¶10} Fifth Third subsequently filed a motion for reconsideration, asking the trial court to reconsider its denial of Fifth Third's motion for summary judgment in light of this court's intervening decision in *Deffren v. Johnson*, 2021-Ohio-817, 169 N.E.3d 270 (1st Dist.), which Fifth Third argued confirmed that to proceed on a claim for unjust enrichment, a plaintiff must himself or herself confer a benefit upon the defendant. Fifth Third argued that the Clarke siblings never conferred a benefit on Fifth Third prior to their mother's death, during the time period in which they were remainder beneficiaries, because Fifth Third drew its fees from the income of the trusts, which ultimately was distributed to the income beneficiaries after Fifth Third's fees were paid. Fifth Third contended that any benefit conferred during the period in which the Clarke siblings were remainder beneficiaries was conferred by their mother. And, Fifth Third argued, because the Clarke siblings were not challenging any fees incurred by Fifth Third after they became income beneficiaries, Fifth Third was entitled to summary judgment on the claim for unjust enrichment.

{¶11} After considering Fifth Third's motion and a memorandum in opposition filed by the Clarke siblings, the trial court issued an entry "granting [Fifth Third's] motion for reconsideration and granting partial summary judgment on unjust

enrichment claim." It stated that it was applying the law as clarified by this court in *Deffren*, and that because the Clarke siblings had conferred no benefit on Fifth Third, Fifth Third was entitled to summary judgment on the unjust-enrichment claim with respect to all trustee fees paid prior to May 1, 2015—the date that the Clarke siblings became income beneficiaries. The trial court's entry additionally stated that there was no just reason for delay.

{¶12} The Clarke siblings appeal the trial court's judgment, arguing in a single assignment of error that the trial court erred in granting summary judgment to Fifth Third.[1] We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there exists no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party. *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

### Unjust-Enrichment Claim

{¶13} A more detailed explanation of the Clarke siblings' claim for unjust enrichment is necessary before turning to the merits of the appeal. The complaint contained the following allegations in support of the claim for unjust enrichment:

> Defendant-Trustee Fifth Third obtained and continues to retain
> benefits to which it is not entitled, at the expense of Plaintiffs-

---

[1] As set forth above, the trial court held that Fifth Third was entitled to summary judgment on the unjust-enrichment claim with respect to all trustee fees paid prior to May 1, 2015, which was the date that the Clarke siblings became income beneficiaries. The Clarke siblings concede that they are not challenging any fees collected by Fifth Third after they became income beneficiaries. Consequently, our analysis of the unjust-enrichment claim in this opinion concerns fees taken by Fifth Third prior to May 1, 2015, the time period in which the Clarke siblings were remainder beneficiaries.

Beneficiaries, including but not limited to the fees which it took for purposes of prudently managing Trust assets, which, given its abdication of its duties (particularly the duty to diversify), [are] fees it did not earn[.]

Defendant-Trustee Fifth Third obtained these fees by way of constructive fraud/unjust enrichment and it should not, in equity hold them[.]

Said management fees should be disgorged to Plaintiffs-Beneficiaries[.]

Plaintiffs-Beneficiaries are entitled to the equitable remedies of Constructive Trust and Disgorgement.

**{¶14}** Through the unjust-enrichment claim, the Clarke siblings sought to personally recover the fees that Fifth Third took for its management of the trusts, which the Clarke siblings alleged were excessive and not earned by Fifth Third.

### *Law-of-the-Case Doctrine*

**{¶15}** The Clarke siblings contend that the law-of-the-case doctrine barred the trial court from reentering summary judgment on the unjust-enrichment claim after this court's reversal of the trial court's prior entry of summary judgment on that claim.

**{¶16}** Under the law-of-the-case doctrine, "legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent proceedings at both the trial and appellate levels." *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 1. The intent of the doctrine is to ensure consistent results in a case and to avoid endless litigation. *Id.* at ¶ 14. It is "a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).

{**¶17**} The doctrine has also been applied to "preclude[] a litigant from attempting to rely on arguments at a retrial which were fully pursued, or available to be pursued, in a first appeal." *City of Hubbard ex rel. Creed v. Sauline*, 74 Ohio St.3d 402, 404-405, 659 N.E.2d 781 (1996). It is inapplicable, however, where "the subsequent proceedings involve different evidence or different legal issues." *Vonderhaar v. City of Cincinnati*, 191 Ohio App.3d 229, 2010-Ohio-6289, 945 N.E.2d 603, ¶ 13 (1st Dist.).

{**¶18**} In the first appeal of this case, the only holding that this court made with respect to the claim for unjust enrichment was that the misconduct on the part of Fifth Third alleged in support of the claim was separate from the allegations of misconduct supporting the claim for the breach of the duty to diversify, and that summary judgment on the unjust-enrichment claim was not appropriate based on a finding that the unjust-enrichment claim stemmed from the breach-of-the-duty-to-diversify claim. *Helton I,* 1st Dist. Hamilton No. C-180284, 2019-Ohio-5208, at ¶ 49. We did not otherwise consider the merits of the claim, as the parties made no other arguments to this court regarding the claim.

{**¶19**} Following our remand, additional affidavits were filed and the record was expanded. And the legal issue presented to the court—that the claim for unjust enrichment failed because the Clarke siblings could not establish that they conferred a benefit on Fifth Third—was not argued to the trial court in the first motion for summary judgment or considered by this court in the earlier appeal. The Clarke siblings argue that Fifth Third could have raised the argument in its first motion for summary judgment, and that consequently the law-of-the-case doctrine prevents it from relying on that argument on remand.

{**¶20**} We agree that this argument was available to be raised by Fifth Third in its first motion for summary judgment. But we also recognize that this case, from its inception, involved a myriad of legal issues and a voluminous record concerning Fifth

Third's actions as trustee over many decades. In the first motion for summary judgment, the parties and the court focused on whether the gravamen of all asserted claims was the breach of the duty to diversify. Once it was determined that the unjust-enrichment claim was supported by independent allegations, Fifth Third focused its arguments in support of a second motion for summary judgment on the merits of the claim.

**{¶21}** We find that the law-of-the-case doctrine did not bar the trial court from reentering summary judgment on the unjust-enrichment claim on remand.

### Impact of Deffren

**{¶22}** The Clarke siblings next argue that the *Deffren* case relied on by the trial court when granting Fifth Third's motion for reconsideration cannot overrule this court's finding in *Helton I,* 1st Dist. Hamilton No. C-180284, 2019-Ohio-5208, that summary judgment on the unjust-enrichment claim (which the Clarke siblings continue to refer to as their "excessive fee" claim) was improper.

**{¶23}** First, we again point out that this court's decision in *Helton I* did not hold that summary judgment would never be appropriate on the unjust-enrichment claim. Rather, we held that summary judgment could not be granted on the unjust-enrichment claim based on a finding that it stemmed from the claim for breach of the duty to diversify. Our decision solely concerned the statute of limitations for the breach-of-the-duty-to-diversify claim and whether the gravamen of the remaining claims was a breach of the duty to diversify. We made no ruling on the merits of the claim for unjust enrichment.

**{¶24}** Second, contrary to the Clarke siblings' assertion, the trial court, in its entry granting partial summary judgment, did not find that the *Deffren* case overruled our earlier opinion in *Helton I*, nor could it have. *Deffren* did not involve a statute-of-

limitations analysis, and it had no impact on our holding in *Helton I*. Rather, the *Deffren* case, as discussed below, analyzed the elements of a claim for unjust enrichment as they related to the facts of that case. *Deffren* did not expand the law on unjust enrichment. The *Deffren* court applied the elements of unjust enrichment—elements that have been long established and recognized as the law on unjust enrichment—to the unique facts of that case.

### *No Benefit was Conferred*

**{¶25}** We now turn to the merits of the Clarke siblings' claim for unjust enrichment. A person is unjustly enriched where she or he "has and retains money or benefits which in justice and in equity belong to another." *Morequity, Inc. v. Fifth Third Bank*, 1st Dist. Hamilton No. C-080824, 2009-Ohio-2735, ¶ 22, quoting *Smith v. Vaughn*, 174 Ohio App.3d 473, 2007-Ohio-7061, 882 N.E.2d 941, ¶ 10 (1st Dist.). To establish unjust enrichment, a plaintiff must show that (1) a benefit was conferred by the plaintiff upon the defendant; (2) the defendant had knowledge of the benefit; and (3) the benefit was retained by the defendant in circumstances where it would be unjust to do so without payment. *Id.*; *Deffren*, 2021-Ohio-817, 169 N.E.3d 270, at ¶ 10.

**{¶26}** As set forth in their complaint, the Clarke siblings contend that Fifth Third took excessive fees for its management of the trusts, that Fifth Third abdicated its duties and did not earn those fees, and that Fifth Third obtained the fees by way of unjust enrichment. Fifth Third argued, and the trial court agreed, that the Clarke siblings' claim necessarily failed because they had not conferred a benefit on Fifth Third.

**{¶27}** In *Deffren*, this court discussed in detail this first element of a claim for unjust enrichment. Plaintiff Deffren purchased the assets of a company from its

owner, Kenneth Johnson. Several years after the purchase, Deffren sued Kenneth, as well as Kenneth's wife Donna and his two children, alleging a misappropriation of company funds. *Id.* at ¶ 2. Deffren specifically alleged that Donna had deposited customer payments for work that was done prior to closing on the sale into the company's account, instead of turning the payments over to Deffren. After the company's dissolution, the funds at issue were then transferred into a joint account owned by Kenneth and Donna. *Id.* at ¶ 3. Kenneth passed away during the litigation, and Deffren sought to recover the funds at issue from Donna via a claim for unjust enrichment.

**{¶28}** This court held that the unjust-enrichment claim could not be brought against Donna, a third-party to the contract between Deffren and Kenneth. *Id.* at ¶ 12. We explained that Deffren conferred no benefit on Donna, stating "True, [the company] eventually dissolved and turned those funds over to Kenneth (as sole shareholder), and those funds were eventually placed in a joint bank account with Donna, but such facts are too slender a reed on which to construct an unjust enrichment claim. By that logic, any downstream recipient of funds would risk liability for unjust enrichment." *Id.* at ¶ 13.

**{¶29}** In this case, the evidence establishes that the Clarke siblings did not confer a benefit on Fifth Third. As stated in an affidavit in support of Fifth Third's motion for summary judgment by Jenny Franta, a Fifth Third employee who served as a trust officer for both trusts involved in this case, Fifth Third took its fees from income earned by the two trusts, not from the principal of the trusts. According to Franta, Fifth Third never collected fees for trust management in any given year exceeding the total amount of income earned by the trust for the same year. And after Fifth Third took its fees, any remaining income was given directly to the income beneficiaries. For the testamentary trust, this was the Clarke siblings' mother. And for the inter vivos trust, this was the Clarke siblings' mother and either JQS or his

descendants. If any benefits were conferred on Fifth Third, it was done so by these income beneficiaries.

**{¶30}** During the time that they were remainder beneficiaries, the Clarke siblings had no current interest in the trusts and received no income distributions. Rather, all distributions went to their mother and any other income beneficiaries. So if Fifth Third had, in fact, taken excessive fees to which it was not entitled for management of the trusts, any benefit conferred on Fifth Third was done so by the then income beneficiaries, including the Clarke siblings' mother, to whom those fees would have been disbursed if not taken by Fifth Third.

**{¶31}** Seemingly aware of this roadblock to their unjust-enrichment claim, as the Clarke siblings' conceded in both appellate briefing and during oral argument before this court that they could not have conferred a benefit on Fifth Third as remainder beneficiaries, the Clarke siblings argue that they brought the unjust-enrichment claim on behalf of the trusts and that they sought to have the allegedly excessive fees taken by Fifth Third returned to the trust. The language of the complaint negates this contention, as nowhere does it state that the Clarke siblings were asserting their claims on behalf of the trusts. The complaint was brought by the Clarke siblings in their individual capacities, and the cause of action for unjust enrichment requested that the excessive management fees taken by Fifth Third be disgorged to the Clarke siblings themselves. And in their prayer for relief, the Clarke siblings personally requested compensatory and punitive damages, and did not request that any funds be returned to the trusts.

**{¶32}** Because the record contains no genuine issues of material fact and establishes that the Clarke siblings did not confer a benefit on Fifth Third, a necessary element for an unjust-enrichment claim, we hold that the trial court did not err in granting Fifth Third's motion for summary judgment.

**{¶33}** The Clarke siblings' assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS** and **CROUSE, JJ.,** concur**.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.