[Cite as *Marshall v. Mercy Health-Anderson Hosp., L.L.C.*, 2025-Ohio-1268.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LINDA MARSHALL, Administrator for the Estate of John Marshall, | : | APPEAL NO. C-240520<br>TRIAL NO. A-2103081 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N* |
| MERCY HEALTH-ANDERSON HOSPITAL, L.L.C., | : | |
| and | : | |
| BON SECOURS MERCY HEALTH, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| TRI-STATE UROLOGIC SERVICES, PSC INC., | : | |
| THE UROLOGY GROUP, | : | |
| AARON BEY, M.D., | : | |
| and | : | |
| BRIAN MINNILLO, M.D., | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: April 11, 2025

*Elk & Elk Co., Ltd., Curtis M. Fifner* and *Phillip A. Kuri*, for Plaintiff-Appellant Linda Marshall,

*Rendigs, Fry, Kiely & Dennis, L.L.P., C. Jessica Pratt* and *Michael P. Foley*, for Defendants-Appellees Mercy Health-Anderson Hospital, L.L.C., and Bon Secours Mercy Health.

**NESTOR, Judge.**

**{¶1}** This dispute arises from the death of plaintiff-appellant Linda Marshall's husband, who passed away at defendants-appellees' hospital, Mercy Health-Anderson Hospital. After her husband's death, plaintiff-appellant filed suit against various individuals and the hospital, but she did not name the nurse on her husband's care team. After the statute of limitations expired, defendants-appellees moved for summary judgment, arguing that under the Ohio Supreme Court's holding in *Clawson v. Hts. Chiropractic Physicians, L.L.C.*, 2022-Ohio-4154, a plaintiff could not maintain a vicarious liability action against a hospital when the individual nurse was not sued.

**{¶2}** The trial court concluded that the employee nurse had to be named, and it dismissed Marshall's vicarious liability claims against the hospital.[1] She now appeals to this court, asserting that the trial court erred as a matter of law when it held that *Clawson* applied to this case. After reviewing the relevant caselaw, we conclude that the traditional rule of respondeat superior applies, and that the hospital may be held liable for the alleged negligence of its employee nurse, even when that nurse is not named in the complaint. Accordingly, we reverse the trial court's judgment.

## I. Factual and Procedural History

**{¶3}** In April 2020, John Marshall underwent surgery at defendants-appellees' Mercy Health-Anderson Hospital and Bon Secours Mercy Health (collectively "Mercy"), hospital. After his surgery, a patient care assistant and a nurse (hereinafter "K.M.") were assigned to Mr. Marshall's care team. K.M. was mainly

---

[1] The trial court's order prompting this appeal was technically labeled as an "Entry Granting a Motion for Judgment on the Pleadings" and not one for a motion for summary judgment. However, the parties seemingly agree that was likely a typographical error, and that for purposes of appeal, it should be treated as an order granting defendants-appellees' motion for summary judgment.

responsible for administering Mr. Marshall's medications and periodically checking his vital signs and overall well-being. K.M. went to Mr. Marshall's room several times after surgery to check his vitals, administer medication, and perform other care. At around 11:50 p.m. (approximately an hour and a half after K.M. was last in his room), the patient care assistant went to Mr. Marshall's room to check his vital signs but could not read his blood pressure, so K.M. came to the room. When she arrived, Mr. Marshall was unresponsive. K.M. called a code, but Mr. Marshall had no pulse, and despite the administration of CPR, he passed away.

{¶4} Linda Marshall ("Marshall"), Mr. Marshall's widow and the administrator of his estate, sent "180 day" letters to all defendants on April 7, 2021, and she ultimately filed suit against the two doctors who performed the surgery, Mercy, the two urology groups that the doctors were associated with, and unspecified John Does, all under varying theories of liability. In Count I of the complaint filed on September 1, 2021, Marshall alleges that Mercy is vicariously liable for the negligence of its nurse employee. The vicarious liability claim against Mercy is the focus of this appeal.

{¶5} After the parties exchanged discovery and took depositions, Mercy moved for summary judgment, arguing that it could not be liable for the alleged wrongful acts of K.M. because Marshall did not bring any claims against her individually. Mercy filed the motion on March 15, 2024, far beyond the one-year statute of limitations on any potential claims against K.M.

{¶6} Mercy centered its argument on the Ohio Supreme Court's holdings in *Natl. Union Fire Ins. Co. v. Wuerth*, 2009-Ohio-3601, and *Clawson*, 2022-Ohio-4154, which limit a plaintiff's ability to sue entities under an agency theory for the malpractice of their lawyers and doctors, respectively. It argued that those holdings

4

and the subsequent caselaw support its position that Marshall could not hold Mercy vicariously liable because she did not file a claim against K.M. individually, and any such claim was time barred. Ultimately, the trial court agreed with Mercy and granted the motion. That judgment is the sole basis for this appeal.

## II.  Analysis

{¶7}  In her sole assignment of error, Marshall asserts that the trial court erred in granting Mercy's motion for summary judgment, because the Ohio Supreme Court has not expanded *Clawson* to cover nonphysician hospital employees.

{¶8}  We review a trial court's grant of summary judgment under a de novo standard of review.  *Riverside Drive Ents., LLC. v. Geotechnology, Inc.*, 2023-Ohio-583, ¶ 19 (1st Dist.), citing *Helton v. Fifth Third Bank*, 2022-Ohio-1023, ¶ 12 (1st Dist.), citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  "'Summary judgment is appropriately granted when there exists no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party.'"  *Id.*, quoting *Helton* at ¶ 12.  Once the moving party shows that no genuine issue of material fact exists regarding the essential elements of the claim, the burden shifts to the nonmoving party "'to "set forth specific facts showing that there is a genuine issue for trial."'"  *Id.* at ¶ 20, quoting *Heiert v. Crossroads Community Church, Inc.*, 2021-Ohio-1649, ¶ 38 (1st Dist.), and *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996), quoting Civ.R. 56(E).

{¶9}  In *Clawson*, the Ohio Supreme Court applied its previous holding in *Wuerth* (pertaining to the vicarious liability of law firms for the legal malpractice of attorneys) to vicarious liability actions against a hospital for the medical malpractice of its physicians.  *See Clawson*, 2022-Ohio-4154, at ¶ 29 ("*Wuerth* precludes a

vicarious-liability claim for medical malpractice against a physician's employer when a direct claim against the physician is time-barred."). The Court noted the principle that "vicarious liability 'flows through the agent by virtue of the agency relationship to the principal.'" *Id.* at ¶ 16, quoting *Comer v. Risko*, 2005-Ohio-4559, ¶ 20. It further acknowledged that its decision in *Wuerth* was partially informed by its precedent that hospitals are unable to practice medicine and thus are incapable of committing malpractice or being held *directly* liable for such. *Id.* at ¶ 19, quoting *Wuerth*, 2009-Ohio-3601, at ¶ 14, citing *Browning v. Burt*, 66 Ohio St.3d 544, 556 (1993). The Court went on to explain that when agents cannot be held directly liable for malpractice, that extinguishes any claims as to the principal's secondary liability for such. *Id.* at ¶ 32-33, quoting *Wuerth* at paragraph two of the syllabus. Therefore, the nature of the claims asserted against the entity control a plaintiff's ability to assert such claims.

{¶10} Unlike the doctors and lawyers in *Clawson* and *Wuerth*, the case before us focuses on the relationship between nurses and hospitals. Marshall's claim is against Mercy for the acts of K.M., a nonphysician employee of the hospital. The Ohio Supreme Court has recognized that while nurses are "'skilled and well trained, [they are] not in the same category as a physician who is required to exercise his independent judgment . . . .'" *Lombard v. Good Samaritan Med. Ctr.*, 69 Ohio St.2d 471, 473 (1982), quoting *Richardson v. Doe*, 176 Ohio St. 370, 372-373 (1964). In other words, nurses do not exercise similar discretion that physicians do in their work, nor are they free of control from their employer-entity, making them categorically different than physicians. Mercy urges us to recognize that nurses have increasing independence and discretion treating patients, and as such, they cannot be viewed as a typical nonphysician hospital employee that strictly abides by the hospital's protocols and procedures. However, Mercy provides no authority in support of its

6

assertions on this point.

**{¶11}** Ohio caselaw clearly delineates vicarious liability claims centered around the medical malpractice of physicians and those regarding the negligence of nurses and other nonphysician employees. Physicians can commit malpractice because they engage in the practice of medicine, but the negligence of nurses "falls under the definition of a 'medical claim.'" *Stanley v. Community Hosp.*, 2011-Ohio-1290, ¶ 22 (2d Dist.), citing *Lombard* at 473. As noted previously, the *Clawson* Court clearly held that "*Wuerth* precludes a vicarious-liability claim for *medical malpractice* against a *physician's* employer when *a direct claim against the physician* is time-barred." (Emphasis added.) *Clawson*, 2022-Ohio-4154, at ¶ 29. Without pointing us to anywhere specifically in *Clawson* expanding that concept, Mercy asserts that the holding in *Clawson* covers vicarious liability actions regarding the acts of all nonphysician employees.

**{¶12}** When faced with an almost identical scenario, the Eighth District noted that "[t]he *Clawson* Court was not required to address the distinctions between a malpractice claim . . . and a medical claim brought against a hospital for the alleged negligence of one of its nurse employees[,] [and therefore], *Clawson* did not expressly, or indirectly undermine the holdings of post-*Wuerth* decisions, which expressly found that *Wuerth* is inapplicable as to claims against hospitals and their nonphysician employees." *Orac v. Montefiore Found.*, 2024-Ohio-4904, ¶ 40 (8th Dist.). Again, the *Clawson* Court narrowly held that *Wuerth* applied to claims against entities for the acts of physicians, but it never indicated that the holding applied beyond malpractice claims, and other Ohio courts have consistently applied that holding only to claims against physicians and the like. *See Sullivan v. Mercy Health*, 2025-Ohio-137, ¶ 38 (12th Dist.) ("The Supreme Court's holdings in *Wuerth* and *Clawson* are . . .

self-evidently relevant to this case because Mercy, a hospital, *cannot be found directly liable for malpractice.*" (Emphasis added.)); *Price v. Aspen Dental*, 2024-Ohio-5251, ¶ 18 (3d Dist.) ("Price's complaint against Aspen Dental is based solely on the allegation that two individual dentists were negligent in providing care to Price, but neither individual dentist was sued for malpractice. On those facts, Price's claim against Aspen Dental fails as a matter of law."); *Ackman v. Mercy Health West Hosp., LLC*, 2023-Ohio-2075, ¶ 22 (1st Dist.), citing *Clawson* at ¶ 29 ("In other words, vicarious-liability claims against a physician's employer are precluded when direct-liability claims against the physician are barred."). Mercy seeks an expansion to the rule in *Clawson* which has not been adopted by Ohio courts. Thus, Mercy's arguments on this point are unavailing.

**{¶13}** Under the general rule of respondeat superior, plaintiffs are free to sue an employee, their employer, or both. *See Meehan v. AMN Healthcare, Inc.*, 2012-Ohio-557, ¶ 11 (1st Dist.), citing *Cope v. Miami Valley Hosp.*, 2011-Ohio-4869, ¶ 18 (2d Dist.) ("Medical claims alleging the negligence of a hospital employee, such as a nurse, are governed by the doctrine of respondeat superior . . . [in which] a plaintiff may elect to sue the employer or both the employer and the employee."). Marshall chose to sue Mercy as K.M.'s employer and chose not to sue K.M. individually, which she is permitted to do under the traditional doctrine of respondeat superior. *Wuerth* and *Clawson* are both exceptions to the general rule of respondeat superior. We decline to adopt Mercy's invitation to allow the exception to insulate hospitals from the general rule. A plaintiff filing a medical claim against a nurse or their employer hospital can choose to file against either or both.

**{¶14}** Because the trial court solely granted summary judgment in favor of Mercy based upon an erroneous application of *Clawson* to nonphysician employees,

we sustain the single assignment of error.

### *III.*

{¶15} Based on the foregoing analysis, we reverse the judgment of the trial court and remand the cause for further proceedings.

Judgment reversed and cause remanded.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.


Please note:

The court has recorded its entry on the date of the release of this opinion.