[Cite as *Ora v. Fitness Internatl., L.L.C.*, 2023-Ohio-3810.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| UZI ORA, | : | APPEAL NO. C-220211 |
| | | TRIAL NO. A-1604783 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| FITNESS INTERNATIONAL, LLC, d.b.a. LA FITNESS, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 20, 2023

*Uzi Ora*, pro se,

*Lupo & Koczkur, P.C.,* and *Paul S. Koczkur*, for Defendant-Appellee.

**CROUSE, Presiding Judge.**

{¶1}    Plaintiff-appellant Uzi Ora challenges the trial court's order granting summary judgment to defendant-appellee Fitness International, LLC, d.b.a. LA Fitness ("LA Fitness") on res-judicata grounds. Ora filed suit in both federal and state court in 2016, alleging violations of antidiscrimination laws. The state case was stayed while Ora litigated his case in federal court. In 2018, the federal court granted LA Fitness's motion for summary judgment. Following the federal appeal, the state trial court lifted the stay. The court subsequently found that res judicata precluded Ora from relitigating his case before it. For the following reasons, we agree.

## I. Factual and Procedural History

{¶2}    Ora was born in Israel and now resides in Hamilton County. In 2013, Ora was a member of the LA Fitness gym in Cincinnati. Ora alleged that in July 2013, a "Caucasian" member of the gym subjected him to "multiple credible verbal threats of severe bodily harm." Ora also alleged that LA Fitness did nothing to investigate or remedy the situation and that the member who issued the threats suffered no consequence. Ora, on the other hand, had his gym membership revoked, and Ora alleged that LA Fitness revoked his membership based on his "race, religion, color and national origin," in violation of state and federal antidiscrimination laws.

{¶3}    In February 2014, Ora filed a "Charge of Discrimination" against LA Fitness with the Ohio Civil Rights Commission ("OCRC"), outlining in his complaint the facts that led to the revocation of his membership. OCRC attempted to investigate the complaint, but LA Fitness did not respond to its attempts to obtain information. In December 2014, OCRC issued a "Letter of Determination" that "there is probable cause to believe that [LA Fitness] cancelled [Ora]'s membership because of his

national origin. In April 2015, OCRC ratified a "Conciliation Agreement and Consent Order," signed by LA Fitness, that closed Ora's case before the OCRC. In the "Conciliation Agreement and Consent Order," LA Fitness did not admit to liability, but it agreed to follow Ohio antidiscrimination laws and offered to reinstate Ora's membership. The "Conciliation Agreement and Consent Order" included a provision that Ora's OCRC complaint would be dismissed with prejudice.

{¶4}　In August 2016, Ora filed complaints against LA Fitness in the Hamilton County Court of Common Pleas and the United States District Court for the Southern District of Ohio. Both complaints alleged that LA Fitness had violated Ohio antidiscrimination law, R.C. 4112.02(G), and the federal complaint added a claim for a violation of Title II of the federal Civil Rights Act of 1964, 42 U.S.C. 2000a.

{¶5}　After filing its answer and a notice of affirmative defenses in the state trial court, LA Fitness filed a motion requesting that the court stay the case while the federal case was pending. The trial court granted LA Fitness's unopposed motion.

{¶6}　The parties continued litigation in the federal district court. Following discovery, LA Fitness filed a motion for summary judgment. In its motion, supported by attached affidavits, LA Fitness argued that Ora had failed to make out a prima facie case of discrimination and that his membership was terminated for a legitimate, nondiscriminatory reason, specifically, because of his repeated violations of the gym's rules against aggressive conduct and inappropriate language directed to gym employees and other members.

{¶7}　The federal district court granted LA Fitness's motion for summary judgment. *Ora v. Fitness Internatl., LLC*, S.D.Ohio No. 1:16cv875, 2018 U.S. Dist. LEXIS 161841 (Sep. 21, 2018). The court noted that Ora had not alleged direct evidence

of discrimination. *Id.* at 6. The court outlined the requirements that Ora must meet to succeed on the merits of his discrimination claim based on circumstantial evidence using the burden-shifting analysis laid out under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973): first, the plaintiff must make out a prima facie claim of discrimination; next, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory basis for its actions; finally, the plaintiff must show by the preponderance of the evidence that the defendant's justification is a mere pretext for discrimination. *Id.* at 6-7, citing *Fall v. LA Fitness*, 161 F.Supp.3d 601, 605-606 (S.D.Ohio 2016). The court then held that, even if Ora had made out a prima facie case of discrimination, LA Fitness had identified a legitimate, nondiscriminatory basis for its actions. *Id.* at 7. Ora, on the other hand, had produced no evidence to show that LA Fitness's justification was pretextual. *Id.* at 8.

{¶8} Ora appealed the district court's decision to the United States Court of Appeals for the Sixth Circuit. That appeal was eventually dismissed for want of prosecution. *See Ora v. Fitness Internatl., LLC*, 6th Cir. No. 18-4012, 2019 U.S. App. LEXIS 34630 (Nov. 20, 2019) (denying reconsideration).

{¶9} LA Fitness then filed a motion to dismiss the state case in the Hamilton County Court of Common Pleas on the basis of res judicata. The court granted the motion. However, we reversed the trial court's decision and remanded on procedural grounds. *Ora v. Fitness Internatl., LLC*, 1st Dist. Hamilton No. C-200008, 2021-Ohio-2824, ¶ 8 (holding that, where evaluation of a res-judicata claim requires consideration of matters outside of the pleadings, dismissal is inappropriate and summary judgment is the appropriate remedy).

{¶10} On remand, LA Fitness filed a motion for summary judgment, arguing

that the federal court had effectively disposed of the matter on the merits when it granted summary judgment in favor of LA Fitness. In response, Ora attempted to continue with discovery against LA Fitness. In April 2022, the trial court granted summary judgment to LA Fitness on res-judicata grounds. This appeal timely followed.

## II. Analysis

{¶11} In this appeal, Ora raises three assignments of error challenging the trial court's decision granting summary judgment to LA Fitness:

1. The trial court erred when it granted summary judgment to LA Fitness based upon an affirmative defense of res judicata that LA Fitness did not plead or move to plead.

2. The trial court erred when it concluded that res judicata precludes Uzi Ora from disputing LA Fitness'[s] violation of [R.C.] Chapter 4112.

3. The trial court granted summary judgment to LA Fitness on the grounds of res judicata without sufficient justification, despite the fact that the prior decision was not on the merits.

{¶12} We review the trial court's grant of summary judgment de novo. *Helton v. Fifth Third Bank*, 1st Dist. Hamilton No. C-210451, 2022-Ohio-1023, ¶ 12. The trial court appropriately grants summary judgment "when there exists no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party." *Id.*, citing *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

5

## A. First Assignment of Error

{¶13} In his first assignment of error, Ora argues that LA Fitness failed to raise the affirmative defense of res judicata in its answer, as required by Civ.R. 8(C). Ora asserts that LA Fitness first raised its res-judicata defense in its motion for summary judgment, filed more than five years after it filed its answer.

{¶14} Res judicata is an affirmative defense. Civ.R. 8. The defense of res judicata is waived and cannot be considered by the court if it is not raised in the pleadings or an amendment to the pleadings. *Jim's Steakhouse v. Cleveland*, 81 Ohio St.3d 18, 19, 688 N.E.2d 506 (1998). However, res judicata may be raised on summary judgment when the defense would not have been available at the time that the pleadings were originally submitted. *Hillman v. Edwards*, 10th Dist. Franklin No. 10AP-950, 2011-Ohio-2677, ¶ 18. Further, under Ohio's liberal, notice-pleading standard, "an affirmative defense is generally adequate as long as the plaintiff receives fair notice of the defense." *Reed v. Multi-County Juvenile Sys.*, 7th Dist. Columbiana No. 09 CO 27, 2010-Ohio-6602, ¶ 47, citing Civ.R. 8(C), 1970 staff notes.

{¶15} LA Fitness filed its answer on October 4, 2016. In its answer, LA Fitness responded to the allegations of Ora's complaints with admissions and denials to each paragraph. However, LA Fitness did not raise any affirmative defenses in its answer. Later that same day, LA Fitness filed a document entitled "Special and/or Affirmative Defenses." LA Fitness did not file this document as an amendment to its previously filed answer under Civ.R. 15(A), nor did it move the court for leave to file it as a supplemental pleading under Civ.R. 15(E). Nevertheless, Ora did not object to the filing.

{¶16} In its list of "Special and/or Affirmative Defenses," LA Fitness claimed

that "Plaintiff's complaint is barred by res judicata, in that Plaintiff filed the same cause of action as the instant case in the U.S. District Court for the Southern District of Ohio and Plaintiff filed an administrative complaint with the Ohio Civil Rights Commission and the Commission adjudicated Plaintiff's Complaint in that forum."

**{¶17}** Under these circumstances, we hold that Ora had notice that LA Fitness intended to argue the affirmative defense of res judicata. LA Fitness filed its affirmative defenses the same day as it filed its answer. Had LA Fitness filed it as an amended answer, it would have been permitted to do so without leave of the court. Civ.R. 15(A). And Ora never requested the trial court to strike the filing or in any other way objected to the filing.

**{¶18}** Even if we disregarded LA Fitness's filing of "Special and/or Affirmative Defenses," LA Fitness would still be permitted to argue res judicata after the federal case was resolved. At the time LA Fitness filed its answer, there was no valid, final judgment on the merits in the federal case. Thus, res judicata was not yet available as a defense. LA Fitness's res-judicata defense did not arise until after the federal court issued its final judgment in 2018.[1] Under such circumstances, a motion for summary judgment is an appropriate vehicle to raise the res-judicata defense. *Hillman*, 10th Dist. Franklin No. 10AP-950, 2011-Ohio-2677, at ¶ 19; *Internatl. EPDM Rubber Roofing Sys. v. GRE Ins. Group*, 6th Dist. Lucas No. L-00-1293, 2001 Ohio App. LEXIS 2011, 13 (May 4, 2001).

**{¶19}** Ora's first assignment of error is overruled.

---

[1] Although LA Fitness mentioned the OCRC case in its list of affirmative defenses and its motion for summary judgment, it only argued res judicata on the basis of Ora's federal case. Neither party argues the effect of the OCRC case on LA Fitness's res-judicata argument, so we do not consider it.

### *B. Second Assignment of Error*

{¶20} In his second assignment of error, Ora argues that the trial court erred when it concluded that res judicata precluded him from disputing LA Fitness's violation of R.C. Chapter 4112. The thrust of Ora's argument is that res judicata was misapplied in this case. We disagree.

{¶21} Under the doctrine of res judicata, "a final judgment rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them." *State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 15, citing *State ex rel. Jackson v. Ambrose*, 151 Ohio St.3d 536, 2017-Ohio-8784, 90 N.E.3d 922, ¶ 13. A final adjudication on the merits rendered by a federal court bars the same issue from being relitigated in the state court. *Rogers v. Whitehall*, 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986), syllabus.

{¶22} In its order granting LA Fitness's motion for summary judgment, the federal court detailed its reasoning for granting the motion. *Ora*, S.D.Ohio No. 1:16cv875, 2018 U.S. Dist. LEXIS 161841, at 5-9. The federal court examined Ora's arguments under both R.C. 4112.02 and 42 U.S.C. 2000a. *Id.* at 6. Applying the burden-shifting analysis laid out in *McDonnell Douglas*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, the court found that Ora had failed to sustain his burden of proof as to his federal-law claim. *Id.* at 7-8. The court properly applied the same analysis to Ora's state-law claim. *Id.* at 6-7, citing *Fall*, 161 F.Supp.3d at 605-606. *See Greene v. Cincinnati*, 1st Dist. Hamilton No. C-070830, 2008-Ohio-4908, ¶ 16 (holding that the *McDonnell Douglas* analysis also applies to R.C. 4112.02).

{¶23} The federal court therefore rejected Ora's claim under R.C. 4112.02 on

the merits when it granted summary judgment to LA Fitness. The federal court's competence to rule on this matter is not in dispute, nor is the fact that the parties to the federal action were the same as the parties before us now. Consequently, res judicata applies to Ora's state-court action.

**{¶24}** Because the trial court properly applied the doctrine of res judicata to bar Ora's claim in the instant case, his second assignment of error is overruled.

### *C. Third Assignment of Error*

**{¶25}** Ora's argument in his third assignment of error states: "The trial court granted summary judgment to LA Fitness on the grounds of res judicata without sufficient justification, despite the fact that the prior decision was not on the merits." We interpret his argument to contend that the federal court's resolution of his case was not on the merits, thereby attacking the validity of the trial court's decision on res judicata. Ora also argues that summary judgment was inappropriate because there are genuine issues of material fact pertaining to the merits of his discrimination complaint.

**{¶26}** To the extent that Ora argues that the federal court's resolution of his case was not on the merits, we have already addressed this in our analysis of Ora's second assignment of error. The federal court's resolution of his case was on the merits.

**{¶27}** As to Ora's assertion that there are genuine issues of material fact pertaining to the merits of his discrimination complaint, making summary judgment inappropriate under Civ.R. 56, we disagree. The question of which facts are "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995). Once LA

Fitness appropriately raised the defense of res judicata, the material facts are not those underlying Ora's claim of discrimination, but those which address the elements of LA Fitness's defense.

{¶28} Ora has not raised a genuine issue of material fact as to LA Fitness's defense of res judicata. Ora has not challenged that he is the same plaintiff as in the federal case, or that LA Fitness is the same defendant. He has not challenged the existence of the federal court's order granting summary judgment in favor of LA Fitness. And he has not challenged the fact that the state-law discrimination claim he raised before the federal court is the same claim brought in the instant case.

{¶29} Consequently, summary judgment was appropriate on LA Fitness's res-judicata defense. Ora's third assignment of error is overruled.

### III. Conclusion

{¶30} Ora's assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**WINKLER** and **KINSLEY, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.